# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WAYNE A. JACKSON,

    Petitioner

v.

HAROLD WICKHAM, et al.,

    Respondents

Case No.: 3:17-cv-00098-LRH-WGC

**ORDER**

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss ground 2(b) from petitioner Wayne A. Jackson's petition (ECF No. 14). Jackson opposed (ECF No. 19), respondents replied (ECF No. 20), and Jackson filed a response to that reply (ECF No. 21).

**PROCEDURAL HISTORY & BACKGROUND**

On April 9, 2013, Jackson pleaded guilty to one count of trafficking in a controlled substance (exhibits 19, 20).[1] The state district court sentenced Jackson to life with the possibility of parole after ten years. Exh. 23. Judgment of conviction was filed on July 9, 2013 Exh. 24.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 14, and are found at ECF Nos. 15-18.

Jackson did not file a direct appeal. He filed a *pro se* state postconviction habeas corpus petition. Exh. 29. The state district court appointed counsel, supplemental briefing was filed, and the court conducted an evidentiary hearing. Exhs. 34, 35, 48, 52. The state district court denied the petition. Exh. 53. The Nevada Court Appeals affirmed the denial of the petition. Exhs. 60, 61.

**LEGAL STANDARDS & ANALYSIS**

**Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365

(1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Claims must also be presented to the highest state court in a procedurally correct manner. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a claim is exhausted only

when it has been presented in a way that provides the state courts with an opportunity to rule on its merits).

**Ground 2(b)**

In his federal petition, Jackson asserts in ground 2 that his trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights for failing to file a motion to suppress evidence seized prior to obtaining a search warrant because: (a) Jackson limited the scope of consent to search the specific rooms to which the child had access; and (b) Jackson believed he was only authorizing a visual search to determine whether the child was alright (ECF No. 8, pp. 7-8). Jackson presented ground 2(a) to the Nevada Court of Appeals. Exh. 56. However, the court agrees with respondents that Jackson did not present federal ground 2(b) to the highest state court. *See id.;* exh. 60. Accordingly, ground 2(b) is unexhausted.

**Petitioner's Options Regarding Unexhausted Claim**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the court concludes that ground 2(b) is unexhausted. Because the court finds that the petition contains an unexhausted claim, petitioner has these options:

>    1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;
>
>    2.   He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claim in state court and presents argument regarding the question of whether his unexhausted claim is plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claim, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

The court notes that Jackson filed what he styled a response to the reply in which he stated "Should the Court determine Respondent is correct, petitioner requests leave of the court to amend his petition to omit the sentence in question (ECF No. 21, p. 2). Thus, it appears that Jackson wants to abandon ground 2(b). If that is correct, Jackson should file a declaration as described in option 1 above.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 14) is **GRANTED** as follows:

Ground 2(b) is UNEXHAUSTED.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition

and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED this 21st day of December, 2018.

_____
LARRY R. HICKS
UNITED STATED DISTRICT JUDGE